IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2006 FEB 23 A 9: 52

| | | |
|---|---|---|
| TIMMY TERRELL HARRIS | * | |
| Plaintiff, | * | |
| I. | * | CIVIL ACTION NO. 1:05-CV-1187-T |
| KENNETH LATHAM, et al., | * | |
| Defendants. | * | |

### ANSWER AND REPORT
### OF DEFENDANT STEVEN C. OLIVER

COMES NOW the Defendant, **Steven C. Oliver,** and files herewith his *Answer and Report* to the *Complaint* heretofore filed by Plaintiff, **Timmy Terrell Harris,** by stating as follows, viz:

My name is Steven C. Oliver, I am a resident of Brundidge, Pike County, Alabama and am 34 years of age. I have been a certified Police Officer in the State of Alabama since 1994. I have always maintained my Continuing Education Units in order to retain my certification. I have served as Chief of Police in Newton, Dale County, Alabama for four years. On September 8, 2005 at approximately 8:20 a.m. I was on my way from Brundidge to Newton to report for work. When I was near the Ozark city limits I received a dispatch concerning a burglary at Railside Auction in Newton and the search for the suspect. At the time of the dispatch, I was approximately nine miles from the crime scene. As I approached the scene and was approximately one-half mile out I was advised that the suspect had crossed the highway and entered Whispering Lakes Mobile Home Court. After a brief stop at the crime scene I joined Dale County Sheriff's Deputies, Officers from the City of Ozark and Town of Pinckard as well as the Dale County Violent Crimes Task Force in order to secure the perimeter of the Mobile Home Court. I stationed myself at the northern entrance of Whispering Lakes on Highway 231. In less than 20 minutes the suspect had been located, identified and arrested by Dale County Deputy Hal Cox, who had participated in the interior search. The suspect was later identified as the Plaintiff, Timmy Terrell Harris, and was taken to the Dale County Jail under suspicion of burglary. Formal charges were brought against Mr. Harris after consultation with the District Attorney.

Mr. Harris alleges that certain records in Newton were changed or altered and I deny this emphatically. As Chief of the Newton Police Department I reviewed the actions of my officers, Carl Garrow and Kenneth Latham. I find that they both acted properly in their roles and did nothing to violate the constitutional rights of Mr. Harris. I am proud to say that after the report by the passing motorist the suspect was captured and arrested in less than one hour.

Answer and Report
Steven C. Oliver
Page -2-

    After the capture of Mr. Harris I returned to the Railside Auction where building owner, Terry Woodham observed while my officers, Garrow and Latham, together with Dale County Deputies Hal Cox and Wally Olson processed the crime scene. A baseball cap was found in the building and placed into evidence. Newton Officer Kenny Latham, Dale County Deputy Wally Olson and I located a footprint in the rear of the property between the building and a wooded area. The footprint was photographed and matched with the actual shoe worn by Mr. Harris.

    I personally did not participate in the arrest of Mr. Harris other than my participation in securing the perimeter of the area where he was believed to be prior to his arrest.

## AFFIRMATIVE DEFENSES

1. I deny any and all allegations of wrongdoing and demand strict proof thereof;

2. I plead the general issue;

3. I deny that I had violated any of the Plaintiffs Constitutional rights;

4. I deny the existence of any pattern, policy or practice which allegedly resulted in the violation of any Constitutional right of the Plaintiff;

5. The Complaint fails to state a cause of action entitling the Plaintiff to relief;

6. At all times alleged I was acting within the line and scope of my employment as a municipal police officer and the cap on monetary damages would be applicable to any award against me;

7. Any recovery is limited to $100,000.00;

8. I am immune from punitive damages;

9. I plead immunity, qualified immunity and good faith immunity;

10. I plead absolute immunity, substantive immunity, discretionary immunity and qualified immunity;

11. The award of punitive damage claims by Plaintiff violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteen Amendments to the Constitution of the United States and Article I, Section 6 and other provisions of the Constitution of Alabama on the following separate and several grounds: (a) that the civil procedures pursuant to which punitive damages are awarded may result

Answer and Report
Steven C. Oliver
Page -3-

wrongfully in a punishment by a punitive damages award after the fact; (b) that civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts or wrongdoing; (c) that the civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors; (d) that civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant; (e) that civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the punitive damages award; (f) that civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages; (g) that civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions; (h) that civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act; (I) that civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages; (j) that civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined; (k) that standards of conduct upon which punitive damages are awarded are vague; (l) that civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines; (m) that civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases; (n) that civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties; (o) that civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages;

12. I aver that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama Legislature as set forth in the *Code of Alabama*, §6-11-21 (Repl. Vol. 1993).

DATED this the 17th day of February, 2006.

_____
Steven C. Oliver

Answer and Report
Steven C. Oliver
Page -4-

STATE OF ALABAMA
COUNTY OF DALE

     **Steven C. Oliver**, being duly sworn, deposes and says that the facts alleged in the above *Answer and Report* are true and correct according to the best of his knowledge, information and belief.

_____
Steven C. Oliver

STATE OF ALABAMA
COUNTY OF DALE

     SWORN to and SUBSCRIBED before me this the 17TH day of February, 2006.

_____
Notary Public

### CERTIFICATE OF SERVICE

     I, the undersigned, hereby certify that I have forwarded a copy of the foregoing *Answer* to Mr. Timmy Terrell Harris, Plaintiff, to his correct mailing address in care of the Dale County Jail, Post Office Box 279, Ozark, Alabama 36361, via US Mail with postage prepaid this the 17TH day of February, 2006.

_____
Joe W. Adams