IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2006 FEB 24  A 9: 45

TIMMY TERRELL HARRIS   *
                      *
    Plaintiff,         *
                      *
VS.                    *
                      *   CIVIL ACTION NO. 1:05-CV-1187-T
                      *
KENNETH LATHAM, et al., *
                      *
    Defendants.        *
                      *

## ANSWER AND REPORT
## OF DEFENDANT KENNETH D. LATHAM

COMES NOW the Defendant, **Kenneth D. Latham,** by and through his duly authorized attorney and files herewith his *Answer and Report* to the *Complaint* heretofore filed by Plaintiff, **Timmy Terrell Harris,** by stating as follows, viz:

My name is Kenneth D. Latham. I am a resident of Dale County and I am forty years of age. I have been a certified law enforcement officer since 1995 when I graduated from the academy in Redland, Texas. Prior to September 8, 2005, I had been employed eight months with the Town of Newton, Alabama. Before my employment with Newton I was Chief of Police in Loogootee, Indiana. My employment on September 8, 2005 with Newton was as an Investigator.

On the morning of September 8, 2005 I was not scheduled to work, however, my Chief, Steven Oliver called me to report to the scene of a burglary at Railside Auction on Highway 231. He advised that the suspect was at large and had been seen running into Whispering Lakes Mobile Home Park. I reported to Chief Oliver who was securing the perimeter of the mobile home park. By the time I arrived the suspect, later identified as Timmy Terrell Harris, had been placed in an automobile by the Dale County Sheriff's Department. Harris was removed from the scene within a few minutes of my arrival. I did not even see him until his preliminary hearing in Dale County District Court.

Chief Oliver directed me to interview and take statements from the mobile home park residents who resided on the lot where Harris knocked on their door and asked for a ride to Montgomery. They described the suspect as nervous and they were alarmed. They had never seen Harris and did not know him. They told Harris that their car was in need of repair and could not take him. Harris asked if they had work that he could do. The residents told him he could lay sod which was stacked. He was laying the sod but only for a few minutes as Deputy Hal Cox took him into custody.

Answer and Report
Kenneth D. Latham
Page -2-

     As part of my duties as investigator I went to Railside Auction and along with Chief Oliver, Deputy Hal Cox, Deputy Wally Olson and the building owner, we secured the premises and determined if any other property was taken. The owner had identified items taken from his business that were in the trunk of the Ford Tempo parked next to the entrance gate of the business. The trunk was open and the stolen property was in plain view. No other property was taken. I did take into evidence a baseball cap believed to have been worn by the suspect. The cap was on the inside of the building. It was determined that the suspect fled the building through the rear door after seeing Officer Garrow at the front gate. A good footprint was found and I matched it with Harris' shoe. Fingerprints and photographs were made by the Dale County Sheriff's Department. Officer Garrow also made photographs.

     I took possession of the evidence in this case, including the items removed from the open trunk of the Ford Tempo. I did not search the vehicle, but I did verify that the car was stolen in the State of Georgia. I interviewed the officers involved. I presented my investigation to the District Attorney. Mr. Harris alleges that I withheld evidence from the District Attorney. I deny this allegation as I presented everything, including all of the photographs, to him for his review.

     Mr. Harris alleged that I changed numbers on the case file. This is also untrue. My investigation file was given a number in the Town of Newton. The District Court number was assigned by the Circuit Clerk and has not changed.

## AFFIRMATIVE DEFENSES

1. I deny any and all allegations of wrongdoing and demand strict proof thereof;

2. I plead the general issue;

3. I deny that I had violated any of the Plaintiffs Constitutional rights;

4. I deny the existence of any pattern, policy or practice which allegedly resulted in the violation of any Constitutional right of the Plaintiff;

5. The Complaint fails to state a cause of action entitling the Plaintiff to relief;

6. At all times alleged I was acting within the line and scope of my employment as a municipal police officer and the cap on monetary damages would be applicable to any award against me;

7. Any recovery is limited to $100,000.00;

8. I am immune from punitive damages;

9. I plead immunity, qualified immunity and good faith immunity;

Answer and Report
Kenneth D. Latham
Page -3-

10. I plead absolute immunity, substantive immunity, discretionary immunity and qualified immunity;

11. The award of punitive damage claims by Plaintiff violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteen Amendments to the Constitution of the United States and Article I, Section 6 and other provisions of the Constitution of Alabama on the following separate and several grounds: (a) that the civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact; (b) that civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts or wrongdoing; (c) that the civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors; (d) that civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant; (e) that civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the punitive damages award; (f) that civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages; (g) that civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions; (h) that civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act; (I) that civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages; (j) that civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined; (k) that standards of conduct upon which punitive damages are awarded are vague; (l) that civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines; (m) that civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases; (n) that civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties; (o) that civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages;

12. I aver that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama Legislature as set forth in the *Code of Alabama*, §6-11-21 (Repl. Vol. 1993).

Answer and Report
Kenneth D. Latham
Page -4-

DATED this the 23rd day of February, 2006.

_Kenneth D. Latham_
Kenneth D. Latham

STATE OF ALABAMA
COUNTY OF DALE

**Kenneth D. Latham**, being duly sworn, deposes and says that the facts alleged in the above *Answer and Report* are true and correct according to the best of his knowledge, information and belief.

_Kenneth D. Latham_
Kenneth D. Latham

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have forwarded a copy of the foregoing *Answer* to Mr. Timmy Terrell Harris, Plaintiff, to his correct mailing address in care of the Dale County Jail, Post Office Box 279, Ozark, Alabama 36361, via US Mail with postage prepaid this the 23rd day of February, 2006.

_Joe W. Adams_
Joe W. Adams