IN THE UNITED STATES  DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

TIMMY TERRELL HARRIS                    *

      Plaintiff,                          *

          v.                               *        1:05-CV-1187-MHT
                                               (WO)

KENNETH LATHAM, *et al.*,                *

      Defendants.                        *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Timmy Harris ["Harris"], filed this 42 U.S.C. § 1983 action on December 14, 2005.  He alleges that Defendants violated his constitutional rights when they unlawfully arrested and detained him, subjected him to an unlawful search and seizure, conspired to alter evidence against him, and denied him access to the courts.[1] Named as defendants are Steven Oliver, Police Chief for the Town of Newton, Alabama, Investigator Kenneth Latham, Newton police offer Carl Garrow, and Dale County Jail Administrator James Willis.  Harris seeks $200,000.00 in damages and requests that the court "grant [him] a case to file for orders. (*Doc. No. 1 at 2-6.*)

In accordance with the  orders of the court, Defendants filed an answer,  special report, and supporting evidentiary material in response to the allegations contained in the complaint.  The court then informed Harris that Defendants' special reports  may, at any

---

[1]Since filing this action, Harris has been released from custody.

time, be treated as motions for summary judgment, and the court explained to Harris the

proper manner in which to respond to a motion for summary judgment. Harris filed responses

to the  special reports filed by Defendants.  This case is now pending on Defendants'

motions for summary judgment.  Upon consideration of such motions, the evidentiary

materials filed in support thereof, and Harris' opposition to the motions, the court concludes

that Defendants' motions for summary judgment are due to be granted.

## I.  STANDARD OF REVIEW

To survive the properly supported motion for summary judgment filed by Defendants,

Harris is required to produce some evidence which would be admissible at trial supporting

his constitutional claims.  Rule 56(e), *Federal Rules of Civil Procedure*.  Specifically, he

must "go beyond the pleadings and ... designate 'specific facts showing that there is a

genuine issue for trial.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this

standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not

suffice; there must be enough of a showing that the jury could reasonably find for that party.

*Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."

*Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990).  A plaintiff's conclusory

allegations do not provide sufficient evidence to oppose a motion for summary judgment.

*Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557

(11th Cir. 1984).  Thus, when a plaintiff fails to make a showing adequate to establish the

existence of an element essential to his case, and on which the plaintiff will bear the burden

of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).

Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-1585 (11th Cir. 1996). Summary judgment is therefore appropriate when the pleadings, admissible evidentiary materials and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), *Federal Rules of Civil Procedure*; *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Harris has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment.

## II. BACKGROUND

The pertinent facts are not in dispute. On September 8, 2005 Defendants Oliver, Latham, and Garrow responded to reports of a possible burglary in progress at the Railside Auction located in Newton, Alabama. When Officer Garrow received the radio dispatch he was only approximately half a mile from the auction house. Upon arriving at the scene he observed a green Ford Tempo sitting the near the entrance of the building. He also saw a black male wearing a tan shirt and shorts trying to exit the auction house through the broken glass front doorway. When the individual saw Office Garrow, he looked startled and went back into the building. After requesting backup, Officer Garrow went around to the back of the auction house where he and a sheriff's deputy observed that the back door was ajar. They were in the process of securing the building when a FedEx driver pulled up and informed Officer Garrow that he had just seen a black male run across all four lanes of Highway 231 towards the Whispering Lakes Trailer Park which he found suspicious in light of the police presence at the auction house. The trailer park sits across the highway from Railside Auction. A Dale County Deputy Sheriff, Hal Cox, subsequently located the suspect in the trailer park who was later identified as Harris. Deputy Cox placed Harris under arrest and took him to the Dale County Jail. (*Doc. Nos. 16-18*.)

After law enforcement officials took Harris into custody, Officer Garrow returned to the location of the Ford Tempo which he found was still running. He also observed that the trunk was open. The owner of the auction house had learned of the burglary by this time and

was on the scene. Officer Garrow requested that he check the contents of the vehicle's trunk which were in plain view to determine if anything he saw appeared to be his property from the auction house. The owner noticed a Makita drill and a box of CDs as being property taken from inside the auction house. Officer Latham took possession of those items for evidence. While the owner and other law enforcement officials proceeded to inspect the inside of the building Officer Garrow gave dispatch the tag number of the Ford Tempo. Dispatch subsequently informed Officer Garrow that the car had been reported stolen in Georgia. (*Doc. Nos. 16-18*.)

Harris was subsequently booked into the Dale County Jail on a charge of receiving stolen property in the first degree. Formal criminal charges were later filed against Harris after consultation with the District Attorney's office. He had his first judicial appearance on September 9, 2005 in connection with the receiving stolen property charge as well as a charge of third degree burglary. The court appointed counsel to represent Harris on these charges. (*Doc. No. 15, Cox and Willis Declarations and Attachments at 5-8*.)

### III.  DISCUSSION

*A. Injunctive Relief*

Harris is no longer incarcerated at the Dale County Jail. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See  County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a

pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that Harris is no longer housed at the county jail, any request for declaratory and/or injunctive relief has been rendered moot.

*B. The Unlawful Arrest Claim*

The undisputed facts before the court show that the named Defendants were not involved in Harris' actual arrest on September 8, 2005. The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivations. *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988). The requisite causal connection fails to exist in this case between the constitutional violation about which Harris complains and any action taken by Defendants Garrow, Oliver, Latham, or Willis. Additionally, a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of *respondeat superior* or on the basis of vicarious liability. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Brown v.* Crawford, 906 F.2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Moreover, in a previous case filed by Harris involving the same incident made the subject of the instant complaint, the undersigned determined that law enforcement officials had probable cause to arrest and detain Harris on charges of receiving stolen property and third degree burglary. *See Harris v. Cox*, Civil Action No. 1:05-CV-1077-MHT (M.D. Ala.). In light of the foregoing, the court concludes that Defendants are entitled to

summary judgment on  Harris' unlawful arrest claim.

*C.  The Illegal Search Claim*

Harris complains that Defendant Latham conducted an illegal search of the Ford

Tempo.  The undisputed evidence before the court reflects that this vehicle had been stolen

from Georgia and that Harris had left it running in front of the auction house with the trunk

open.  Defendants' evidentiary material also contains a handwritten affidavit signed by Harris

wherein he states that on September 6, 2005 he took the  vehicle knowing it still belonged

to someone else.  (*Doc. No. 15, Willis Affidavit and Attachments at 4, Doc. Nos. 17, 18.*)

In order for Harris to be able to challenge the search in question, he "must  establish

that he . . . had a legitimate expectation of privacy in the place that was searched."[2]  *United*

*States v. Crisp*,  2008  WL  506214, *3 (M.D. Fla., February 21, 2008) (citing  *Rakas v.*

*Illinois,* 439 U.S. 128 (1978)); *see also United States v. Ford,* 34 F.3d 992, 995 (11th  Cir.

1994) (defendant's legitimate expectation of privacy exists when he or she can show a

subjective expectation of privacy that " 'society is prepared to recognize as "reasonable." '

") (quoting *Katz v. United States*, 389 U.S. 347, 361 (1967)).  Here, Harris argues that

Defendant Latham "seized and searched a vehicle that he had not obtained consent to

search."  However, not only is it undisputed that  the vehicle in question had been reported

stolen but also, Harris abandoned the car when he fled from police officers.  These facts are

sufficient to show that Harris did not have an expectation of privacy in the contents of the

---

[2]It is not clear from the documents and records before the court whether any articles found in the vehicle were introduced as evidence against Harris in any criminal proceedings.

vehicle which were left open to the public. *See United States v. Harris*, 50 F.3d 11 (6th Cir. 1995) (table ) (unpubl.) (concluding that the defendant lacked standing to challenge the search of his vehicle after he fled the scene since he abandoned any expectation of privacy in the car); *United States v. Crecni*, 940 F.2d 663 (6th Cir. 1991) (table) (unpubl.) (holding that the defendant abandoned any expectation of privacy he had in any items found in his car when he fled his car in trying to elude the police). Because the undersigned finds that Harris had no expectation of privacy not only in a stolen vehicle but also a vehicle he abandoned, Defendants' dispositive motion on Harris' Fourth Amendment illegal search and seizure claim is due to be granted.

*D.  The Conspiracy Claim*,

Harris appears to allege a claim that Defendant Latham and an unauthorized sheriff's deputy conspired to alter case numbers on case files in order to detain him at the county jail as well as to "buy time" to gather and/or alter evidence illegally obtained against him. (*Doc. No. 1 at 4-5*.) This allegation simply provides no factual basis for a conspiracy claim against Defendant Latham.

"Conspiring to violate another person's constitutional rights violates section 1983. *Dennis v. Sparks,* 449 U.S. 24, 27 (1980); *Strength v. Hubert,* 854 F.2d 421, 425 (11th Cir.1988), *overruled in part on other grounds by Whiting v. Traylor,* 85 F.3d 581, 584 n. 4 (11th Cir. 1996)." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002). "To prove a 42 U.S.C. § 1983 conspiracy, a plaintiff 'must show that the parties

"reached an understanding" to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy.' *Bendiburg v. Dempsey,* 909 F.2d 463, 468 (11th Cir.1990), *cert. denied,* 500 U.S. 932, 111 S.Ct. 2053, 114 L.Ed.2d 459 (1991). . . . [T]he linchpin for conspiracy is agreement . . ." *Bailey v. Board of County Comm'rs of Alachua County*, 956 F.2d 1112, 1122 (11th Cir. 1992). In order for a plaintiff "to establish the 'understanding' or 'willful participation' required to show a conspiracy, . . . [he] must [produce] some evidence of agreement between the defendants. . . . For a conspiracy claim to survive a motion for summary judgment '[a] mere "scintilla" of evidence . . . will not suffice; there must be enough of a showing that the jury could reasonably find for that party.' *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990)." *Rowe*, 279 F.3d at 1283-1284. Merely "stringing together" adverse acts of individuals is insufficient to demonstrate the existence of a conspiracy. *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992).

Here, Harris fails to present any evidence which demonstrates that Defendant Latham and an unidentified sheriff's deputy "reached an understanding" to violate his rights or committed an "actionable wrong to support the conspiracy." *Bailey*, 956 F.2d at 1122; *Bendiburg*, 909 F.2d at 468. At best, Harris' assertions are self serving, purely conclusory allegations that fail to assert those material facts necessary to establish a conspiracy. *See Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984). Harris, therefore, fails to produce requisite evidence of a conspiracy and summary judgment is due to be granted in favor of Defendant Latham on this claim. *Bailey*, 956 F.2d at 1122.

*E. The Access to Courts Claim*

Harris claims that he was denied access to the courts while in the Dale County Jail because he was denied law library privileges. Harris' access to the courts claim is without merit. To demonstrate that Defendants' actions impacted his access to the courts, Harris must show that he suffered some actual prejudice in prosecuting litigation. *See Lewis v. Casey,* 518 U.S. 343, 352-53 (1996).

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). In *Lewis*, the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable but only where the inmate is able to demonstrate actual injury from such deprivation. *Id*. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 353. Rather, the *Lewis* Court concluded that the *Bounds* decision stood essentially for the proposition that inmates are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355. Additionally, the Court found that "[b]ecause *Bounds* did not create an abstract, free-standing right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id*. at 353; *see also Bass v. Singletary*, 143 F.3d 1442, 1445

(11th Cir. 1998) ("prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim); *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) (inmate must demonstrate that inability to gain access to legal materials resulted in "actual injury" to his "capacity of bringing contemplated challenges to sentences or conditions of confinement before the courts").

Here, Harris fails to allege any specific facts showing that he suffered prejudice to any pending or contemplated non-frivolous legal claim. Thus, he has not demonstrated actual prejudice as is required to set forth a valid denial of access to courts claim. Defendants are, therefore, entitled to summary judgment.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motions for summary judgment (*Doc. No. 15, 16, 17, 18*) be GRANTED;

2.  Judgment be ENTERED in favor of Defendants and against Plaintiff;

3.  This case be DISMISSED with prejudice; and

4.  Costs be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before **March 26, 2008**. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done, this 12th day of March 2008.


 /s/   Wallace Capel, Jr
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE