IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| TIMMY TERRELL HARRIS, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>KENNETH LATHAM, et al., )<br>)<br>   Defendants. ) | CIVIL ACTION NO.<br>1:05cv1187-MHT<br>(WO) |

## SUPPLEMENTAL FINDINGS

By order entered on June 18, 2008, and received in the district court on June 19, 2008 (doc. no. 51), the Eleventh Circuit Court of Appeals remanded this case to this court with the following instructions:

> "This appeal is REMANDED sua sponte, for the limited purpose of determining when Timmy Harris's notice of appeal, which was docketed by the district court on May 12, 2008, was delivered to prison officials for forwarding to the district court. See Fed.R.App.P. 4(a)(4)(A) & (c)(1); Fed.R.Civ.P. 6(a); Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). Upon making its determination, the district court shall return the record, as supplemented, to this Court for further proceedings."

Pursuant to these instructions, this court entered an order on June 27, 2008 (doc. no. 52), giving plaintiff Timmy Terrell Harris until July 21, 2008, "to submit ... any statement and evidence of when he filed his appeal." "Of particular relevance," the court continued, was "whether Harris 'filed' []his appeal, that is--handed it to prison officials--on or before April 28, 2008, and thus whether the appeal was timely." The June 27 order further promised that, "If the court does not hear from Harris within the time allowed, the court will assume that Harris's appeal was untimely."

Over a week has passed since the July 21 deadline this court set for Harris. The court, in fact, has waited more than a week, before considering the issue, because Harris, as a prisoner, cannot necessarily control any delays between when he provides supplemental evidence to prison officials and when those officials mail such to the court. Still, even though the court has provided Harris with this additional time, and thus has given him

over a month to respond, he has not submitted any statement or evidence concerning when he filed his appeal.

Nevertheless, despite Harris's failure to furnish any "any statement and evidence of when he filed his appeal," this court is still obligated, per instructions from the Eleventh Circuit, to "determin[e] when ... Harris's notice of appeal ... was delivered to prison officials for forwarding to the district court."  For two separate and independent reasons, this court finds that Harris's notice of appeal was handed to prison officials a number of days after April 28, 2008.  First, because Harris did not respond to the June 27 order, the court assumes, as promised in that order, that "Harris's appeal was untimely."  In other words, Harris has not objected to this assumption even though invited to do so.  Second, the circumstantial evidence in this case reflects that the appeal was filed many days after April 28 and thus was untimely.  Harris's notice of appeal was postmarked

3

May 9, 2008, eleven regular days and nine business days past the April 28 due date.  Because of the considerable length of time between the date the notice was due and the date it was postmarked, this court concludes that Harris did not submit his notice to jail officials until several days after April 28.  The court believes that it is reasonable to conclude that, absent contrary evidence, prison officials would not take so long to post prisoner mail that had been handed to them.  This conclusion is reinforced by this court's knowledge, from its own experience with state prisoner cases, that it does not usually take anywhere near so long, as the period in this case between the date the notice was due and the date it was postmarked, for prison officials to mail prisoner mail.

Accordingly, for the reasons outlined, this court finds that plaintiff Timmy Terrell Harris's notice of appeal was delivered to prison officials, for forwarding to the district court, several days _after_ April 28, 2008,

though this court cannot say on what specific day after April 28 it was delivered.

The clerk of the court is DIRECTED to furnish a copy of these supplemental findings to the Eleventh Circuit Court of Appeals and to return the record to the Eleventh Circuit.

DONE, this the 30th day of July, 2008.

       /s/ Myron H. Thompson
   **UNITED STATES DISTRICT JUDGE**